**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kazuhiko Matsumoto Wilson,<br><br>Petitioner,<br><br>v.<br><br>Berry Larson, et al.,<br><br>Respondents. | No. CV-18-08323-PCT-DWL<br><br>**ORDER** |

On January 21, 2020—more than two months after the magistrate judge had issued a report and recommendation ("R&R") concluding that Petitioner's amended habeas petition should be denied and dismissed with prejudice (Doc. 31)—Petitioner filed a motion seeking several different forms of relief, including an order requiring the prison warden "to provide access to the legal library" so Petitioner could prepare and file a new habeas petition. (Doc. 36.) On March 5, 2020, the Court issued an order denying Petitioner's motion but affording him an additional 90-day extension to file objections to the R&R. (Doc. 39.)

Petitioner has now filed a motion for reconsideration of the March 5, 2020 order. (Doc. 40.) He contends that (1) he wasn't able to file a reply in support of his January 21, 2020 motion because he "does not have access to the librarian or to do E-Files," (2) "his Gateway have been actively interfering with [library] access since October, 2019," (3) the prison librarian "refus[ed] to add Petitioner to legal library turnout, citing 'generally that library is in between turnouts,'" and (4) "the only time in between, institutional count times

when there is no movement whatsoever. Documentary evidence also suggests that the issue has been longstanding." (*Id.* at 1-2.) Petitioner thus requests an order requiring the warden "to give Petitioner Monday-thru-Friday access to the E-File system and Respondents comply with General Order 14-17." (*Id.* at 2.)

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Reconsideration is not warranted here. The materials that Petitioner attached to his January 21, 2020 motion suggest the prison is providing library access,[1] albeit not as much access as Petitioner would prefer, and Respondents' response to the motion summarized the many, changing claims that Petitioner has raised concerning library access over the course of this case (Doc. 38 at 2-4). It was for these and other reasons that Petitioner's January 21, 2020 motion was denied. Petitioner's reconsideration motion seems to reargue many of the points he raised in his original motion, which is improper, *see* LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion."), and the assertions concerning the librarian's alleged refusal to add Petitioner to "turnout" are undeveloped and difficult to follow.

…

…

…

…

---

[1] Doc. 36-1 at 2 (Petitioner was scheduled to have library access was on October 16, 2019, but it had to be cancelled due to medical issue so it was rescheduled for October 23, 2019); Doc. 36-1 at 6 (January 2, 2020 instruction for Petitioner to begin routing his library-related requests to the new librarian who was responsible for calendaring and turnouts).

Accordingly, **IT IS ORDERED** that Petitioner's motion for reconsideration (Doc. 40) is **denied**.

Dated this 7th day of April, 2020.

Dominic W. Lanza
United States District Judge